MELISSA HOLYOAK, United States Attorney (9832)
ANNE E. RICE, Assistant United States Attorney (7971)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682
anne.rice@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TREVOR R. MILTON,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER S. ESSICK and PAUL LACKEY,<br><br>Defendants. | **UNITED STATES OF AMERICA'S MOTION TO SEAL AND REDACT THE PERSONAL ADDRESS AND OTHER PERSONALLY IDENTIFIABLE INFORMATION OF FBI AGENT FROM THE PUBLIC RECORD**<br><br>***EXPEDITED CONSIDERATION REQUESTED***<br><br>Case No. 2:26-cv-01005-DBP<br><br>Magistrate Judge Dustin B. Pead |

The United States of America, an interested party, hereby moves, pursuant to 28 U.S.C. § 517[1] and Rule 5.2(e) of the Federal Rules of Civil Procedure, for an order redacting from the public record the personal address of Federal Bureau of Investigation agent Christopher Essick, who is named as a defendant in this action, as well as other personally identifiable information (PII), including his telephone numbers and email addresses. Although Agent Essick is named in

[1] "The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States[.]" 28 U.S.C. § 517.

his individual capacity, the United States, as a non-party, may move the court for the requested relief in order to attend to its interest in protecting the safety of its law enforcement officers.

On October 13, 2026, Plaintiff Trevor R. Milton named Agent Essick as a defendant in this suit, alleging that Agent Essick engaged in the wrongdoing outlined in the complaint, not as a federal employee, but purely in a private capacity. A summons was issued electronically (ECF 5), which listed a private address for the agent. Agent Essick's personal address and other PII is not relevant to the current litigation. Moreover, disclosure of his personal address, telephone numbers, and email addresses may lead to him being harassed or threatened, or otherwise jeopardize his safety.

Rule 5.2 expressly requires the exclusion of certain private personal information enumerated in section (a) of that Rule. In addition, section (e) allows that "the court may by order in a case [] require redaction of additional information" when "good cause" is shown. Fed. R. Civ. P. 5.2(e). Here, good cause is shown. The information sought to be redacted—the personal address of an FBI agent, his telephone numbers and email addresses—has no relevance to the current litigation, and, as explained above, the disclosure of that information may lead to harassment, threats, or endangerment of this individual. Federal law recognizes the need to protect such information. *See, e.g.*, 18 U.S.C. § 119 (providing protections for the home addresses of any officer or employee of the United States); 5 U.S.C. § 552(b)(7)(C) (precluding from production under the Freedom of Information Act "information compiled for law enforcement purposes" that "could reasonably be expected to constitute an unwarranted invasion of personal privacy."); *see also* Utah Code Ann. § 53-18-103 (prohibiting publication of a public

safety employee's personal information on state and local government agencies' publicly accessible websites and databases upon request of the employee).

For the foregoing reasons, the United States moves for an order sealing the Essick Summons, ECF 5, re-docketing the summons with the address redacted, and ordering that Agent Essick's personal address, telephone numbers, and email addresses be redacted in any document publicly filed in this case.

Dated this 30th day of October, 2026.

MELISSA HOLYOAK
United States Attorney

*/s/ Anne E. Rice*
ANNE E. RICE
Assistant United States Attorney